## Shuler *et al. v.* The State.

Beck, J. 1. Where the defendants were on trial under an indictment charging them with riot, it being a material subject of inquiry as to what was the natural effect of certain words used by one of the defendants upon the minds of bystanders, it was error for the court to permit a witness, over timely objection made by counsel for defendants, to testify that the said words "had the worst kind of effect." The witness should have been limited in his testimony to stating facts and circumstances, and should not have been permitted to state mere opinions and conclusions of his own.

2. What one of the two joint defendants said in the absence of the other defendant, some thirty minutes or more after the occurrence alleged to have constituted the riot, was not of a character to throw any light upon the question of the guilt of either, and was, therefore, irrelevant, and its admission in evidence was error.

3. That portion of the charge of the court which was excepted to on the ground that it intimated what had been proved was open to this criticism, and was repugnant to the statute forbidding the trial judge to express or intimate his opinion as to what has or has not been proved.

*Judgment reversed. All the Justices concur.*

Submitted October 17,—Decided November 9, 1906.

Indictment for riot. Before Judge Spence. Decatur superior court. July 12, 1906.

That ground of the motion for a new trial which is dealt with in the third division of the foregoing decision is as follows: "Because the court erred in charging the jury as follows: 'This is a case where one man could not be guilty by himself, and where, before you could find a verdict of guilty against either one of the defendants, you must be satisfied that both of them were connected or took part, were engaged in a common enterprise, and that they acted in concert in furtherance of that common undertaking, as set out in the bill of indictment,—that is, committed the offense of assault and battery upon Mr. Burks, chief of police, and used provoking and abusive language, tending to cause a breach of the peace, in the presence of the party named in the bill of indictment; that these acts, these unlawful acts, and other acts committed in a violent and tumultuous manner, were participated in by both of these defendants, with a common intent to do this unlawful act, and this act of using opprobrious and abusive language tending to cause a breach of the peace in a violent and tumultous maner, as set out in the bill of indictment—that they both participated in the act jointly, or whatever the evidence shows was done; and you must be satisfied of that beyond all reasonable doubt.' In that he did intimate what had been proven, and that portion of said charge was misleading to the jury, and especially this paragraph, to wit: 'that these acts, these unlawful acts, and other acts committed in a violent and tumultous manner, were participated in by both of these defendants, with a common intent to do this unlawful act,'" etc., as above (setting out the concluding words of the paragraph).

*R. G. Hartsfield* and *E. S. Longley,* for plaintiffs in error.

*W. E. Wooten, solicitor-general,* and *I. J. Hofmayer,* contra.